(69 App. Div. 186.)

### BERGER MFG. CO. v. BLOCK et al.

(Supreme Court, Appellate Division, First Department. February 21, 1902.)

MECHANIC'S LIEN—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—SUFFICIENCY OF SHOWING.

Judgment was rendered denying a mechanic's lien for work and materials furnished in the improvement of premises in possession of a tenant, because it did not appear that the improvements were made at the request or by the consent of the property owners. Thereafter the lienor asked for a new trial, and filed affidavits by the tenant and others to the effect that there was a written agreement requiring the owners to pay one-half of certain improvements to be under the direction of the tenant, and that the lienor had no knowledge thereof till after the trial. The execution of the written agreement was admitted by one of the owners, who stated in his affidavit that it did not cover the items of work and materials included in the lienor's claim; but the owners did not produce the agreement, which it was in their power to do. *Held* sufficient to authorize a new trial, as the existence of a contract of the owners to pay for one-half of the improvements made by the lienor would operate as a sufficient consent to authorize the lien.

Appeal from special term, New York county.

Action to foreclose a mechanic's lien by the Berger Manufacturing Company against Arthur Block and others. Judgment was rendered in favor of the plaintiff, but a mechanic's lien claimed by defendant Jacob M. Leonhardt was denied, and from an order denying a new trial, claimed on the ground of newly-discovered evidence, the defendant Leonhardt appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

Roswell W. Keene, for appellant.
Edward W. S. Johnston, for respondents.

PER CURIAM. The motion for a new trial is based upon the ground of newly-discovered evidence. The action was brought to

foreclose a mechanic's lien on certain premises owned by the respondents, and occupied as tenant by the defendant Miller. The defendant Leonhardt was joined as a lienor. The liens of the plaintiff and the present appellant were the only liens upon the premises. Upon the trial of the action judgment was rendered foreclosing the plaintiff's lien, and directing a sale of the property for the amount of the lien, with costs. The court, however, denied any right to the defendant Leonhardt, as lienor, holding that he did not perform the work or furnish materials for the improvement of the property with the consent or at the request of the owners. In support of his motion the appellant read affidavits of one Ruby and the defendant Miller. From these affidavits, together with those of the appellant himself and the appellant's attorney, it appears that after the trial of the case for the first time it was known to the appellant or his attorney that there was a written agreement, other than the lease, that the defendant owners would pay one-half of certain repairs and improvements that should be made under the direction of the defendant Miller. These repairs and improvements, for which the owners agreed to pay one-half, included plumbing, carpenter, and other work necessary to fit up the premises for the business of the lessee and his occupancy. If there was such an agreement, and the work performed by the lienor was done thereunder, and the lessors promised to pay for one-half of the same, then it is clear that it would operate as a consent, and be sufficient to support a lien. One of the defendants in his affidavit admits the written agreement, but claims that it did not cover the items of work embraced in Leonhardt's claim. It is evident that the landlords could produce the writing, and show clearly that the items for which claim was made were not embraced therein, and thus furnish a complete answer to this motion. This they do not do, but make an equivocal denial of the performance of this work thereunder. It does not appear that Leonhardt knew of the existence of this agreement at the time of the trial. On the contrary, the undisputed proof is that he did not know of its existence. There is no dispute but that he performed the work, and he should be paid therefor by the person liable to pay. Under the circumstances, we do not think that he should be chargeable with negligence in not finding out from Miller that such an agreement was in existence. The defendant Block knew of its existence, its terms and conditions, and could defeat this motion by producing it, unless it contained a promise to pay for the work. Under such circumstances, we think that the motion should have been granted, and that the proof on the part of Leonhardt, although quite meager, coupled with the affidavit of Block, is sufficient ground for granting it.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion for a new trial granted, with costs of the trial to be paid by the appellant to the respondents Block.